IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Randle Jackson, individually and as the Personal Representative for the Estate of Dashawn Simmons, | ) ) ) | |
| | ) | Case No. 1:22-cv-01656-DCC |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER** |
| South Carolina Department of Corrections, Captain Livingston, Anthony Howard Hall, Captain Reese, | ) ) ) ) | |
| Defendants. | ) ) ) | |

  This matter is before the Court upon Motions to Dismiss filed by Defendants Livingston, Reese, and Hall ("the Individual Defendants"). ECF Nos. 7, 8, 19. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On June 17, 2022, the Magistrate Judge recommended that Livingston's and Reese's Motions be granted and that the claims against them be dismissed with prejudice as barred by the applicable statute of limitations. ECF No. 16. Plaintiff filed objections, and Livingston and Reese filed Replies. ECF Nos. 18, 22, 23.

  On August 26, 2022, the Magistrate Judge recommended that Hall's Motion be granted and that the claims against him be dismissed with prejudice as barred by the

applicable statute of limitations.  ECF No. 30.  Plaintiff filed objections, and Hall filed a Reply.  ECF Nos. 31, 32.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

Plaintiff, individually and as the personal representative for the estate of Dashaun Simmons ("Simmons"), brings the present action alleging state law claims and violations of 42 U.S.C. § 1983.  The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law which the Court incorporates by reference.  Briefly, this action stems from attacks suffered by Simmons in July 2017, in 2019, and in 2020.  The 2017 attack was the subject of a previous lawsuit, which the undersigned dismissed without

prejudice for failure to exhaust administrative remedies. *Jackson v. Hall*, C/A No. 1:20-cv-03036-DCC, 2022 WL 92615, at *1 (D.S.C. Jan. 10, 2022) ("*Simmons I*").

The Magistrate Judge recommends finding that Plaintiff may only proceed with claims that accrued on or after March 31, 2019, based on a three-year statute of limitations for Plaintiff's claims. *See* ECF No. 1-2 (complaint filed on March 31, 2022). Accordingly, the Magistrate Judge recommends dismissal of Plaintiff's claims arising out of the July 2017 attack. ECF Nos. 16, 30. As noted above, Plaintiff objected to both Reports and the Individual Defendants filed Replies. Because the substance of the Reports, the objections, and the Replies is substantially the same, the Court will address both Reports together. The Court has conducted a de novo review of the record, the Report, and the applicable law.

As an initial matter, the Court agrees with the Magistrate Judge that Plaintiff does not dispute that the claims arising from the 2017 attack are barred by the statute of limitations; instead, he asserts that the Court should apply the equitable tolling doctrine and that the Individual Defendants should be estopped from raising the statute of limitations as a defense. The Court will address each of Plaintiff's objections in turn.

In his first objection, Plaintiff asserts that *Simmons I* was not dismissed for failure to exhaust administrative remedies. ECF Nos. 18 at 1–2; 31 at 1–2. Upon review of its prior Order, the Court finds that *Simmons I* was indeed dismissed without prejudice for failure to exhaust administrative remedies. To the extent Plaintiff intends to relitigate that action by raising the same arguments this Court has already ruled upon in *Simmons I*,

3

objections in the present action are not the proper forum.  Accordingly, Plaintiff's first objection is overruled.

In his second objection, Plaintiff argues the Magistrate Judge erred in finding that equitable tolling is not applicable in the present action.  ECF Nos. 18 at 2–4; 31 at 2–4.  Plaintiff cites to *Hooper v. Ebenezer Senior Services and Rehabilitation Center*, 687 S.E. 2d 29 (S.C. 2009), which cited *Abbott v. State*, 979 P.2d 994, 998 (Alaska 1999), for the proposition that, in some jurisdictions, "[f]ederal precedent equitably tolls the limitations period in three circumstances: (1) where the plaintiff has actively pursued his or her judicial remedies by filing a timely but defective pleading; (2) where extraordinary circumstances outside the plaintiff's control make it impossible for the plaintiff to timely assert his or her claim; or (3) where the plaintiff, by exercising reasonable diligence, could not have discovered essential information bearing on his or her claim."[1]  Plaintiff asserts that the pleading in *Simmons I* was timely but became defective upon Simmons's death.  Plaintiff further asserts that equitable tolling is warranted in the interests of justice and to prevent an unconscionable outcome.

The Court agrees that *Simmons I* was timely brought in that it was filed on June 2, 2020.  That action was removed to this Court on August 24, 2020, after the statute of limitations had run on the 2017 attack.  While Plaintiff alleges misconduct by the Individual Defendants during *Simmons I*, Plaintiff has not alleged that any such behavior occurred

---

[1] The *Hooper* court went on to find that "the situations described above do not constitute an exclusive list of circumstances that justify the application of equitable tolling." 386 S.C. at 116.

prior to the running of the statute of limitations. As noted by the Magistrate Judge, Simmons filed the initial action weeks before the statute of limitations ran on the 2017 attack. That action was dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff filed the present action more than four years after the 2017 attack and outside the applicable statute of limitations. Accordingly, Plaintiff's second objection is overruled.

In his third objection, Plaintiff argues the Magistrate Judge erred in finding the Individual Defendants are not estopped from raising the statute of limitations. ECF Nos. 18 at 4–5; 31 at 4–5. Plaintiff contends that because *Simmons I* was dismissed without prejudice, the Court did not intend to dispose of the claims arising out of the 2017 attack. Plaintiff cites to *Mende v. Conway Hospital Incorporated*, 404 S.E.2d 33 (S.C. 1991), in support of this assertion. Plaintiff also reraises the alleged misconduct of the Individual Defendants.

As previously stated, *Simmons I* was dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies. The Fourth Circuit Court of Appeals has recognized that a dismissal without prejudice allows a plaintiff to refile his complaint; however, it does not "give the [plaintiff] a right to refile without the consequences of time defenses, such as the statute of limitations." *Mendez v. Elliot*, 45 F.3d 75, 76 (4th Cir. 1995).

With respect to Plaintiff's citation to *Mende*, as explained in more detail by the Magistrate Judge, that case is distinguishable from the present action because Plaintiff

5

points to no action taken by the Individual Defendants prior to the expiration of the statute of limitations upon which he relied. Accordingly, Plaintiff's third objection is overruled.

The Magistrate Judge further recommends that the Individual Defendants be dismissed from this action because Plaintiff only alleges they were involved in the 2017 attack. Upon review, the Court agrees that Plaintiff has not alleged they were involved in the 2019 or 2020 attacks. Accordingly, the Court agrees they should be dismissed from as Defendants in this action.

## CONCLUSION

Based on the foregoing, the Court adopts the recommendations of the Magistrate Judge. Defendants Livingston's, Reese's, and Hall's Motions to Dismiss [7, 8, 19] are **GRANTED** and Plaintiff's claims arising out of the 2017 attack are dismissed with prejudice as barred by the statute of limitations. Defendants Livingston, Reese, and Hall are **DISMISSED** from this action.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 18, 2022
Spartanburg, South Carolina