IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Randle Jackson, *individually and as the Personal Representative for the Estate of Dashaun Simmons*, | ) ) ) ) | C/A No.: 1:22-cv-01656-DCC |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| South Carolina Department of Corrections, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the remaining parties' joint reply to the Magistrate Judge's Order dated May 18, 2023, and found at ECF No. 69. ECF No. 75. In their reply, the parties renew their Motion to Remand this case to state court. *Id.*; *see* ECF No. 60. For the reasons that follow, the Court vacates the text order denying without prejudice the consent Motion to Remand to state court [ECF No. 68], considers the Motion to Set Aside Judgment [ECF No. 47] withdrawn, denies the Motion for a Protective Order [ECF No. 66] filed by terminated party Anthony Howard Hall ("Hall") as moot, and grants the parties' Motion to Remand the case to the state court [ECF No. 60].

I.      Relevant Factual and Procedural History

Plaintiff, proceeding individually and as the personal representative of the estate of Dashaun Simmons ("Simmons"), originally filed this case in the Court of Common Pleas for Orangeburg County on March 31, 2022 (2022-CP-38-00492), asserting causes of action for: (1) common law liability for negligence, gross negligence, and recklessness; (2) negligent hiring, supervision, and retention; (3) violation of Simmons'

First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights brought pursuant to 42 U.S.C. § 1983; and (4) survival action pursuant to S.C. Code Ann. § 15-5-90. ECF No. 1-2. Plaintiff named as defendants the South Carolina Department of Corrections ("SCDC"), Hall, Captain Livingston ("Livingston"), and Captain Reese ("Reese"). *Id.* The case was removed to this court on May 25, 2022. ECF No. 1. Plaintiff based this action on allegations that Simmons was attacked while he was incarcerated in SCDC facilities in 2017, 2019, and 2020. ECF No. 1-2.

On October 18, 2022, the Court issued an Order adopting the Magistrate Judge's Reports and Recommendations; granting Livingston's, Reese's, and Hall's Motions to Dismiss; dismissing Plaintiff's claims arising out of the 2017 attack with prejudice as barred by the statute of limitations; and dismissing defendants Livingston, Reese, and Hall from the action. ECF No. 34.

On January 6, 2023, Plaintiff filed a Motion to Set Aside Judgment pursuant to Federal Rules of Civil Procedure 60(b) and 60(c). ECF No. 47. However, prior to the Court's ruling on that Motion, Plaintiff, with the consent of SCDC, filed a Motion to Remand the case to state court. ECF No. 60. Hall subsequently filed a Motion for a Protective Order, requesting the Court declare his deposition closed and direct opposing counsel not inquire further into matters that would "elicit[] testimony concerning confidential and privileged attorney-client communications." ECF No. 66.

On May 18, 2023, the Magistrate Judge issued an Order denying without prejudice the Motion to Remand based on Plaintiff's counsel's indication that he planned to supplement and did not intend to withdraw the Motion to Set Aside Judgment. ECF No. 68. The Magistrate Judge found "[b]ecause the outstanding motion to set aside judgment is determinative of whether federal law claims continue to exist in this case, it

2

is inappropriate for the court to rule on the motion to remand prior to disposition of the motion to set aside judgment." *Id.*

The Magistrate Judge issued a second Order on May 18, 2023, directing the parties to confer "on the status of the case moving forward and advise the court" and "clarify any inconsistent positions" by June 2, 2023. ECF No. 69. SCDC filed a response signed by the remaining parties agreeing that: "1) This matter should be remanded to the McCormick County Court of Common Pleas"; and "2) All pending motions in this matter only are withdrawn or moot." ECF No. 75. Hall's counsel filed a reply stating "upon information and belief, based on the remaining parties' request and agreement, Hall's motion for protective order is moot and a ruling is not necessary from this court." ECF No. 76.

II.     Discussion

Given Plaintiff's agreement to withdraw the Motion to Set Aside Judgment [ECF No. 47], the Court vacates the Order denying without prejudice Plaintiff's consent Motion to Remand to state court [ECF No. 68].

As a result of the Court's Order dismissing the individual defendants, only state law claims remain. The parties now indicate their agreement that McCormick County is the proper venue, as it is the location of the events giving rise to the cause of action. ECF Nos. 60 at 1 and 75 at 1. They further agree that the outstanding motions are "withdrawn or moot." ECF Nos. 75 at 1 and 76.

Although the Court may retain supplemental jurisdiction of state law claims that form part of the same case or controversy as the federal claims, "[a]s a practical matter . . . many district judges will exercise their discretion under the supplemental jurisdiction statute and dismiss the remaining claims." 16 Moore's Federal Practice

3

§ 107.14(3)(b)(ii) (3rd ed. 2013); *see also* 28 U.S.C. § 1367(c). Because no federal claims remain, the Court grants the parties' Motion to Remand [ECF No. 60].

The Court denies as moot Hall's Motion for a Protective Order [ECF No. 66] given the parties' representations [ECF Nos. 75, 76] and Hall's prior termination as a party to the action.

Although the parties represent their agreement that McCormick County is the appropriate venue, this Court may only remand the matter to the court from which it was removed. *See* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (Rev. 4th ed. 2016) (providing "[i]t is well-established that a remanded case must return to the state court from which it was removed" and listing cases that state "[f]ederal district judges do not have the authority to 'transfer' cases by remanding them to different courts within the same state, regardless of jurisdiction, venue, and efficiency considerations that might favor such an action."). Therefore, the Clerk is directed to remand the case the Court of Common Pleas for Orangeburg County, South Carolina.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 20, 2023
Spartanburg, South Carolina

4